Filed 4/2/20  P. v. Hahn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C090932 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE004342) |
| v. | |
| KENNETH MATHEW HAHN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Kenneth Mathew Hahn has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error in defendant's favor, we affirm.

BACKGROUND

In early March 2019 defendant was staying with his mother when deputies from the Sacramento County Sheriff's Department came to the house to execute a postrelease

1

community supervision warrant for defendant's arrest. Defendant's mother allowed the deputies to enter the house and told them defendant was hiding in her bedroom; she directed them to the room. Outside her locked bedroom, deputies announced their presence and directed defendant to come out; when he refused, they kicked in the door.

Inside his mother's bedroom, defendant appeared from a crouched position on the floor with his hands up. He was handcuffed and taken out. Where he had been crouching, the deputies found a pill bottle containing clear plastic bags encasing a white crystalline substance later determined to be 2.02 grams of methamphetamine.

Deputies searched what they determined to be the room in which defendant was staying and found 105 rounds of .40-caliber live ammunition and two 10-round Glock magazines inside a backpack. They also found a small digital scale on the nightstand, similar to those commonly used to weigh small amounts of drugs, partially covered in a white powdery crystalline residue. Defendant had a knife and a hypodermic needle in his pocket.

The camera inside the patrol car recorded defendant telling deputies that they would find a pill bottle in his mother's house that contained enough methamphetamine for about one week. He admitted using methamphetamine and possessing ammunition, although he claimed an unidentified friend had left the ammunition in the house.

The People subsequently charged defendant with possession of ammunition (Pen. Code, § 30305, subd. (a)(1))[1] as a prohibited person, having been previously convicted of being a felon in possession of a firearm (§§ 29800, 29900; Welf. & Inst. Code, §§ 8100, 8103). The People also charged defendant with misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), and possession of drug paraphernalia

---

[1] Further undesignated statutory references are to the Penal Code.

(*id.*, § 11364) and alleged he had previously served a prior prison term (§ 667.5, subd. (b)).

A jury found defendant guilty as charged. The trial court later dismissed the prior prison term allegation in light of Senate Bill No. 136 (2019-2020 Reg. Sess.) and sentenced defendant to the middle term of two years in state prison for unlawfully possessing ammunition, a 30-day concurrent term for possession of a controlled substance, and no additional time in custody for possession of drug paraphernalia, as well as minimal fines.

Defendant filed a timely notice of appeal.

## DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Our review of the record pursuant to *Wende* has disclosed no arguable errors in defendant's favor.

## DISPOSITION

The judgment is affirmed.

                                                                  /s/
                                                            Duarte, J.

We concur:

   /s/
Raye, P. J.

   /s/
Mauro, J.

4